IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>      Plaintiff,      )<br>                                            )      CRIMINAL NO. 23-1808 KG<br>                                            )<br>vs.                                       )<br>                                            )<br>GEORGINA RAMIREZ,           )<br>      Defendant.      ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States respectfully requests a below guideline but statutory maximum sentence of 120 months. Such a sentence would be sufficient, but not greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

**BACKGROUND**

On September 20, 2023, just after midnight, United States Border Patrol (USBP) agents were on duty at the USBP immigration checkpoint located at westbound Interstate 10, mile marker 120, west of Las Cruces, New Mexico.[1] While conducting inspection duties, agents observed a silver Nissan Pathfinder with at least two visible occupants approach the primary inspection area. The driver of the vehicle handed her driver's license out the window to the agents, identifying herself as Georgina Ramirez. When agents asked her to fully lower the Pathfinder's rear driver side window, Ramirez replied that the window did not work properly. Because the window was already partially lowered, agents glanced inside and observed a bulky object which they believed to be another passenger. Ramirez then quickly accelerated without

---

[1] These facts are from the factual summary in the PSR.

warning as agents yelled at her to stop. The Pathfinder proceeded to flee from the checkpoint at a high rate of speed, traveling westbound on Interstate 10 and out of the agents' view.

The Pathfinder continued westbound on Interstate 10 for approximately six miles until Ramirez pulled onto the center median and parked near mile marker 114. Once the Pathfinder stopped, Ramirez and five additional passengers exited the vehicle and fled on foot. According to several of the passengers, Ramirez had instructed them to run.

While the Pathfinder's occupants were fleeing on foot, Julio Cesar Llivisupa-Bau attempted to cross Interstate 10 and was fatally struck by a passing vehicle, believed to be a semi-truck. USBP agents arrived in the area several minutes later, where they located and apprehended Ramirez and four passengers, three of whom were determined to be illegal aliens (IAs) who were not in possession of immigration documents allowing them to remain in the United States legally. Agents located Llivisupa-Bau deceased in the center median; he was later discovered to also be an IA.

During a post-Miranda interview, Ramirez admitted that she needed money and chose to drive to Sunland Park, New Mexico, where she picked up several subjects whom she knew to be IAs. The IAs were transported to Ramirez's residence in the Anthony, New Mexico area, where they were temporarily harbored. Ramirez advised that she was going to travel to Deming, New Mexico for personal reasons and agreed to transport the IAs to Deming, expecting that they would compensate her financially.

Knowing that it was illegal to transport IAs, Ramirez said she became scared when agents at the checkpoint began to question her. As a result, she admitted that she fled from the checkpoint in her vehicle, estimating that she reached speeds of up to 90 miles per hour. She stated that she also turned the vehicle's headlights off after fleeing in an attempt to evade agents.

Agents obtained a search warrant to search Defendant's phone. On the phone there were several text messages calling the owner of the phone "Gina." Further, there were voice recordings on the phone. On Defendant's phone agents found text messages and voice recordings between Ramirez and an individual referred to as "Rivel" who agents believe was her scout. As Ramirez was approaching the checkpoint the recordings show that Rivel informs her "they weren't checking." Additionally, deleted videos and pictures that agents believe to be proof of life videos were found on the phone. These videos and pictures were recordings of smuggled aliens where they were instructed to state their name, the date, location, time and the state of their well-being.

On April 16, 2024, Ramirez pled guilty to a two-count Information. charging Conspiracy to Transport an Illegal Alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and High-Speed Flight from an Immigration Checkpoint in violation of 18 U.S.C. § 758. Doc. 31, PSR at 3, ¶ 2. The Court accepted the defendant's guilty plea and ordered that a presentence report be prepared by the United States Probation Office. A presentence investigation report ("PSR") was prepared which correctly calculated the defendant's Base Offense Level as 38. PSR at 8, ¶ 27. The United States Probation Officer (USPO) correctly applied the cross reference contained in U.S.S.G. § 2L1.1(c)(1) which correctly results in a base offense level of 38. The USPO then correctly applied a two-level enhancement for "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." *Id.* at ¶ 31.

The defendant also received a two-level reduction being a "minor participant in any criminal activity," and received a three-level reduction for acceptance of responsibility, for a total offense level of 35. *Id*. ¶¶ 30, 34 & 35. The defendant's criminal convictions resulted in a criminal history score of 3 points, and the USPO correctly determined that the defendant is in criminal history

category II. PSR at 10, ¶ 43. This resulted in an advisory guideline sentencing range of 188 to 235 months. PSR at 18, ¶ 80. For the reasons laid out below, the Court should find that the statutory maximum of 120 months is appropriate in this case.

### ARGUMENT

The PSR is correctly calculated, and the homicide cross reference applies. The proper guideline provision is the cross-reference in USSG 2L1.1(c)(1), which states "If death resulted, apply the appropriate homicide guideline from Chapter Two, Part A, Subpart 1, if the resulting offense level is greater than that determined under this guideline." This current case shares similarities with *United States v. Valle-Martinez*, in that case the defendant was transporting multiple illegal aliens and led law enforcement on a high-speed chase which resulted in multiple fatalities. 336 Fed. Appx. 720 (9th Cir. 2009). In that case the court found that the enhancement under the cross-reference to § 2L1.1(c) was proper and not unreasonable and sentenced that defendant to 420 months. *Id.*

As explained by the Tenth Circuit in *United States v. Pearson*, the "malice aforethought" element for second degree murder may be satisfied by "a depraved heart." *203 F.3d 1243, 1271* (10th Cir. 2000). Depraved heart second degree murder is established "by evidence of conduct which is reckless and wanton, and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *United States v. Brown*, 287 F.3d 965, 974 (10th Cir. 2002) (internal quotation marks and citation omitted).

In the present case, there is ample evidence that Defendant's conduct meets this standard. Here, Defendant, while fleeing from law enforcement in the middle of the night, pulled into the median of a busy highway and instructed her passengers to run. The only places her passengers

could run required crossing the highway in the dark. Instructing aliens to attempt to run across a busy highway is a gross deviation from a reasonable standard of care. Further, the Court may infer that the defendant was aware of the serious risk of death by instructing her passengers to cross a highway at night.

## CONCLUSION

Wherefore, the Court should sentence the Defendant to the statutory maximum of 120 months. The Court should find that sentence of 120 months imprisonment is appropriate considering the the nature and circumstances of the offense and will be sufficient but not greater than necessary to address all of the sentencing goals of 18 U.S.C. § 3553.

Respectfully submitted,
ALEXANDER M. M. UBALLEZ,
United States Attorney

*Electronically Filed 7/16/24*
J. KIRK WILLIAMS
Assistant United States Attorney
200 North Church Street
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record and the USPO on this date.

*Electronically Filed 7/16/24*
J. KIRK WILLIAMS
Assistant United States Attorney